41 So.2d 411

## SEABOARD SURETY CO. v. FIRST NAT. BANK OF BIRMINGHAM.

### 6 Div. 696.

Court of Appeals of Alabama.

April 19, 1949.

Rehearing Denied May 17, 1949.

London & Yancey, Geo. W. Yancey, and Jas. Clark, all of Birmingham, for appellant.

Cabaniss & Johnston, of Birmingham, for appellee.

HARWOOD, Judge.

The question involved in this appeal is similar to the question presented in Seaboard Surety Co.' v. First National Bank of Birmingham, Ala.App., 41 So.2d 406,[1] which for convenience will hereinafter be referred to as case No. 1. This present case will likewise hereinafter be referred to as case No. 2.

Each case arose out of the same series of transactions. The two cases were consolidated for trial, and the transcriptions of the evidence are the same.

The basis of this suit are the two checks described in case No. 1 as plaintiff's Exhibits Nos. 1 and 6, which checks were the property of the Watts-Newsome Company, rather than the Southern Lighting Co., as was the situation in case No. 1. These checks bear respectively the same exhibit numbers in this case.

1. Post, p. 437.

434

The lower court entered judgment for the plaintiff on the cause of action stated in count 1 of the complaint, as amended, which count was based on check described in case No. 1 as plaintiff's Exhibit No. 6, and denied all other claims.

That part of plaintiff's claim which was denied was based on the check described in case No. 1 as plaintiff's Exhibit No. 1, and likewise introduced in this case as plaintiff's Exhibit No. 1.

It is to be noted that this check bore the true endorsement of the payee therein, and the rubber stamp restrictive endorsement of the Watts-Newsome Co., which has been scratched through. It did not bear the "Marjorie Coleman" endorsements as did the checks which were the basis of case No. 1. The absence of Marjorie Coleman's endorsement on this check does not, in our opinion, make inapplicable the same principles which we concluded controlled case No. 1. We therefore conclude that this case must be affirmed on the authority of Seaboard Surety Co. v. First National Bank of Birmingham, post, p. 437, 41 So. 2d 406.

Affirmed.

BRICKEN, P. J., not sitting.